**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PEDRO FLORES MONDRAGON** | § | |
| | § | |
| **V.** | § | **A-14-CV-850-LY** |
| | § | **(A-12-CR-184-LY(1))** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Pedro Flores Mondragon's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. §2255 (Dkt. No. 149); the Government's Response (Dkt. No. 159); and Mondragon's Reply and Brief in Support (Dkt. No. 160). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. GENERAL BACKGROUND

On May 1, 2012, Pedro Flores Mondragon ("Flores-Mondragon") was charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute more than one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 846(a)(1) and 841 & (b)(1)(B); and (2) possession with intent to distribute more than one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 846(a)(1) and 841 & (b)(1)(B). Dkt. No. 13. On August 30, 2012, Movant appeared before U.S. Magistrate Judge Mark Lane and pled guilty to count one of a superseding information charging him with conspiracy to distribute more than 50 kilograms of marijuana, in violation of Title 21, U.S.C.

§ 846. Dkt. No. 54. On December 13, 2012, the District Court sentenced Flores-Mondragon to 78 months imprisonment and 3 years supervised release, ordered him to pay a $100 mandatory assessment fee, and ordered him to forfeit several firearms and $11,065.00. Dkt. No. 90. [1] Notwithstanding having waived his right to appeal in his plea agreement, on December 26, 2012, Flores-Mondragon filed a notice of appeal. Dkt. No. 107. His appointed appellate counsel filed an *Anders* brief , however, and on August 20, 2013, the Fifth Circuit dismissed the appeal as frivolous. The circuit's judgment and mandate was received by the Court on September 13, 2013.

On September 2, 2014, Flores-Mondragon filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 160. He argues that he was denied effective assistance of counsel because his attorney Hermes Flores ("Flores"): (1) rendered ineffective assistance during the plea and sentencing hearings by failing to inform the Court that the government had recommended a plea agreement with a sentence of not more than two years upon his timely plea of guilty; (2) failed to argue for a two-level downward departure from the mandatory minimum sentence of his base offense for acceptance of responsibility of his offense; (3) failed to secure a downward departure from the mandatory minimum sentence for Flores-Mondragon's offense by application of the statutory safety valve contained in 18 U.S.C. 3553(f); and (4) failed to perfect or preserve error for appeal under *United States v. Booker*, 543 U.S. 220 (2005).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the

---

[1]As a result of amendments to the guidelines made retroactively applicable, the sentence was recently reduced to 63 months. Dkt. No. 167.

Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final on issues of Constitutional or jurisdiction magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of Constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, a defendant may waive his statutory right to appeal his sentence, including filing a § 2255 motion, if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (2005).

To prevail on an ineffective assistance of counsel claim, petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington. 466 U.S.* 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id* at 689.; *Little v. Johnson*, 162 F.3d 855, 860 (1998), cert. denied, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland,* 466 U.S. at 689.  To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 390, 312 (5th Cir.), *cert. denied*,

528 U.S. 947 (1999). "A reasonable probability is a probability sufficient to undermine confidence

in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome

is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the

prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313

(quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

### III. DISCUSSION

Flores-Mondragon argues that he was denied effective assistance of counsel because his

attorney: (1) rendered ineffective assistance during the plea and sentencing hearings by failing to

inform the Court that the government had recommended a plea agreement with a sentence of not

more than two years upon his timely plea of guilty; (2) failed to argue for a two-level downward

departure from the mandatory minimum sentence of his base offense for acceptance of responsibility

of his offense; (3) failed to secure a downward departure from the mandatory minimum sentence for

Flores-Mondragon's offense by application of the statutory safety valve contained in 18 U.S.C.

3553(f); and (4) failed to perfect or preserve error for appeal for an unreasonable sentence under

*United States v. Booker*, 543 U.S. 220 (2005).

### A.   Failure to Inform the Court of a Previously Agreed Two-Year Maximum Sentence

Flores-Mondragon claims that Flores: (1) led him to believe that the government had agreed

to an inducement of a two-year maximum sentence outside of court; and (2) failed to notify the Court

at the Rule 11 hearing that the government had previously agreed to a two-year maximum sentence

inducement outside of court. Flores-Mondragon also argues that Flores did not inform him that, by

signing the Plea Agreement, Flores-Mondragon accepted the government's version of the facts stipulated therein.

These claims are inconsistent with Flores-Mondragon's testimony at his guilty plea proceeding. First, the written plea agreement states that "no agreements as to sentencing" had been made. Dkt. No. 54 at 6. Flores-Mondragon signed the Plea Agreement on August 29, 2012 . Dkt. No. 54 at 11. At the plea colloquy, on December 12, 2012, Flores-Mondragon testified that the full agreement had been translated into Spanish for him, that he and his attorney had gone over the agreement, and that he had asked his attorney any questions he had about the agreement. Dkt. No. 124 at 15-16. The prosecutor summarized the terms of the agreement at the hearing, including stating that "[t]here is no specific agreement as to sentencing," and Flores-Mondragon stated that he understood the summary, and agreed that it was accurate. *Id.* at 14. He further confirmed that no one had made any promises or predictions about what his sentence in the case would be. *Id.* at 37.

Moreover, at the sentencing hearing, despite the fact that Flores-Mondragon requested that he be given more time prior to the sentencing taking place because he was "confused," and wanted his attorney to tell him how much time he was going to receive, when Judge Yeakel explained to him that the guidelines called for a sentence of up to 97 months, he stated that he was aware of that. Dkt. No. 125 at 2; 7-8. He also confirmed that he understood that the statute allowed a sentence of anywhere from zero to 240 months. *Id*. at 9. At no time did he tell the Court that he believed that the government had agreed to a maximum sentence of two years.

With regard to the factual basis in the plea agreement, once again Flores-Mondragon's claim is inconsistent with his sworn testimony at the plea hearing. To begin, the plea agreement, immediately above Flores-Mondragon's signature, contains the following language:

> I have read this plea agreement, including the factual basis contained herein, and reviewed it with my attorney. I hereby admit that all of the allegations contained in the Factual Basis are true and correct and that I am guilty of the offense charged in Count One (1) of the Superseding Information.

Dkt. No. 54 at 10-11.   Second, the prosecutor's summary of the plea agreement included the statement that "[t]he factual basis for this plea bargain agreement is set forth on pages seven, eight, and nine of the plea bargain," and that "[t]he defendant acknowledges that the factual basis is true and correct and that he is indeed guilty of the superseding information in this case."  Dkt. No. 124 at 14.   Finally, Judge Lane specifically discussed the factual basis, explaining that he had "signed [a] plea agreement[ ]," and that  "your attorneys, you, and the government have taken the time to craft a very detailed set of facts that are called a factual basis for your guilty pleas." *Id.* at 41.   Judge Lane then asked Flores-Mondragon if he had "read those specific facts so that you can tell me under oath that you understand those facts and that those facts are true and  correct?" to which Flores-Mondragon responded "Yes, sir." *Id.*

"Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).   The record demonstrates that Flores-Mondragon understood his plea agreement, and that his attorney translated the document into Spanish for him.   It further demonstrates that at the plea hearing, the government stated that the plea agreement did not contain any specific agreement about the sentence, and Flores-Mondragon agreed that the summary was accurate.   Further, it is patently obvious that Flores-Mondragon was fully aware that he had accepted the factual basis when he signed and accepted the plea agreement.   In sum, the record contradicts all of Flores-Mondragon's claims on this point.   This claim is without merit.

### B.      Acceptance of Responsibility

Flores-Mondragon next argues that his attorney was ineffective because he failed to argue for a two-level downward departure from the mandatory minimum sentence for acceptance of responsibility of his offense.  Once again, this argument is precluded by the facts, since Flores did in fact request that Flores-Mondragon be given credit for accepting responsibility, despite his equivocation.  Dkt. No. 125 at 10.  The Presentencing Investigation Report recommended that Flores-Mondragon not receive an adjustment for acceptance of responsibility, because Flores-Mondragon had equivocated regarding his responsibility, and had at times repudiated his guilt.  Dkt. No. 153 at 5-6.  Flores-Mondragon's counsel objected to the absence of an adjustment for acceptance, presented both the written letter that Modragon had provided probation, and had Flores-Mondragon orally state his acceptance at the sentencing hearing.  Dkt. No. 125 at 10-12.  The government opposed Flores' objection, and ultimately Judge Yeakel overruled it, finding that:

> Mr. Flores Mondragon, you have created the situation you're in for yourself. The presentence investigation is very clear as to what your involvement is. You signed a plea agreement as to what your involvement was. And then as the government points out on page 5, paragraph 15 of the presentence investigation report, you have equivocated and you have equivocated here today. Therefore, I'm going to deny and overrule the objections to the presentence investigation report.

*Id*. at 13.  In short, Flores-Mondragon dug his own hole, and though Flores attempted to get his client out of the hole, he was unable to do so.  Flores raised the issue, and presented it to the Court.  Flores-Mondragon's claim that his counsel was ineffective for failing to do so is baseless.

### C.      Application of Safety Valve

Flores-Mondragon also asserts that Flores led him to believe that he would qualify under the "safety valve" for a two-level downward departure from the mandatory minimum sentence for

violations of 21 U.S.C. § 841.  This argument is misguided.  Flores-Mondragon was not subject to any mandatory minimum sentence, as he pled guilty to conspiring to distribute more than 50 kilograms of marijuana.  The statutory sentencing range for that offense is zero to 20 years.  21 U.S.C. § 841(b)(1)(C).  There is no minimum sentence.  Because the "safety valve" contained in 18 U.S.C. § 3533(f) only permits a court to sentence a defendant "without regard to any statutory *minimum* sentence," it has no application here.

### D.     Failure to Preserve Error Regarding the Sentence

Finally, Flores-Mondragon asserts that Flores provided ineffective assistance by failing to preserve any error as to his sentence in order that he might appeal the sentence as "unreasonable" under *Booker*.  Dkt. No. 149 at 5.  Though he lists this at the outset of his § 2255 motion as one of the grounds for his motion, he fails to ever mention it again, nor does he offer any explanation for why he believes the sentence was "unreasonable" under *Booker*.  Importantly, Flores-Mondragon is *not* claiming that he requested Flores to file an appeal and that Flores failed to do so, so this is not an issue requiring the determination of any factual dispute.  Rather, his complaint is that Flores was somehow ineffective for failing to preserve any error regarding his sentence.  Notwithstanding the total lack of support for this claim, the Court will briefly address it.

The argument fails for at least three reasons.  First, in his plea agreement, Flores-Mondragon waived all of his rights to appeal his sentence unless the sentence imposed by the Court was greater than that allowed by statute.  Dkt. No. 54 at 3.  As discussed above, Flores-Mondragon voluntarily entered into the plea agreement, and thus he is bound by its terms.  *United States v. McKinney*, 406 F.3d at 744, 746 (5th Cir. 1994) (noting that a defendant "will be held to the bargain to which he agreed" if he entered it voluntarily and knowingly).  A waiver of appeal as to sentence, except for

sentences greater than the statutory mandatory maximum, encompasses any potential appeals under *Booker* or its progeny. *United States v. Bond*, 414 F.3d at 542, 43-46 (5th Cir. 2005). Because Flores-Mondragon waived all rights to appeal in the plea agreement, and because Flores-Mondragon affirmed in open court that he understood the plea agreement, his attorney was not ineffective for failing to "preserve error" for an appeal of the sentence.

Second, Flores-Mondragon *did* file an appeal of his sentence. He did so *pro se*, complaining of the alleged ineffectiveness of his attorney. Dkt. No. 107. The Court therefore permitted Flores to withdraw, and appointed new counsel for the appeal. Dkt Nos. 109; 112, 113. As noted at the outset, the attorney who was appointed to represent him on appeal filed an *Anders* brief, and the Fifth Circuit affirmed the sentence, stating:

> The attorney appointed to represent Pedro Flores Mondragon (Flores) has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Flores has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Flores's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2

Dkt. No. 134.

Finally, if Flores-Mondragon's argument is somehow construed to be complaining that his attorney was ineffective for allowing him to enter into a plea agreement containing a waiver of his right to appeal, he cannot show any prejudice because he had no valid complaint regarding his sentence. In *Booker,* the Supreme Court held that federal sentencing guideline "factors . . . will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *United States v. Booker*, 543 U.S. 220, 261(2005). Thus, although the guideline factors are not

9

binding, they serve as the standard for claims of unreasonableness. *Id.* Flores-Mondragon was sentenced to 78 months of imprisonment which represented the low end of the applicable guideline range. Thus, even had Flores-Mondragon retained the right to appeal his sentence, an appeal would have been unsuccessful.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Court **RECOMMENDS** that Movant Pedro Flores Mondragon's motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. §2255 be **DENIED.**

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a District Court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a [D]istrict [C]ourt denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal of Flores-Mondragon's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 5th day of June, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE